# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00720-CV

**Vanco Insulation Abatement, Inc., Appellant**

**v.**

**City of San Angelo, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-00-0442-C, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

Vanco Insulation Abatement, Inc. agreed to provide the City of San Angelo a variety of decontamination services at the Fort Concho Historical Site. Vanco performed the work and charged the City $185,592. Rather than pay this amount, the City paid Vanco $125,048. When the City refused to pay the difference, Vanco sued the City in Midland County seeking to collect the difference, attorney's fees and interest. The Midland County court transferred the case to Tom Green County after sustaining the City's venue challenge. Following a nonjury trial, the district court ruled that Vanco take nothing on its claims. On appeal, Vanco contends that the Midland County court erred in transferring the case to Tom Green County. Vanco also contends that the district court misconstrued provisions in the parties' agreement. Finally, Vanco contends that the district court erred in failing to file additional findings of fact and conclusions of law. We will affirm the district court's judgment.

## Background

The agreement between the City and Vanco listed the following seven items of work to be performed by Vanco: (1) location and removal of utilities; (2) removal and decontamination of structures; (3) soil excavating and stockpiling; (4) backfilling of excavation; (5) disposal of sump water; (6) disposal of soil; and (7) disposal of decontamination water. The City agreed it would pay Vanco for each item separately. The agreement also provided that,

> The quantities shown are to be considered approximate only. The [City] reserves the right to increase or decrease the amount of any Item or portion of work, to award Alternate Bid Items in place of, or in addition to Bid Items, or to eliminate any Item or portion thereof.

At issue in this case is item three which provided:

### 3. Soil Excavation and Stockpiling

Excavate soil within the excavation limits to the grades and lines shown on the Plans. Stockpile soil on lined surface as directed by the Engineer with protection from storm water runon and runoff.

Complete and in Place at the Unit Price of,
twenty two    Dollars and    No    Cents.
($22.00          ) per Cubic Yard.

       4900 C.Y.           $107,800.00

After Vanco began working, tests revealed that an additional area of soil was contaminated. In accordance with the contract, the City increased the area of excavation in item three by 784 cubic yards for a total of 5684 cubic yards. Vanco completed the work in item three and billed the City for 8436 cubic yards. Vanco determined this quantity by measuring the amount of soil that was taken out of the ground, delivered to the landfill, and listed on the landfill's disposal

2

manifests. The City paid Vanco for the adjusted amount of 5684 cubic yards. The City determined this quantity by measuring the area of the excavation site before the soil was removed from the ground.

Vanco filed suit in Midland County and alleged that while it excavated and stockpiled soil in accordance with item three of the agreement, the City refused to pay according to the agreement. Vanco contended that at issue was the method for calculating the quantity of soil under item three. The City answered the lawsuit and moved to transfer venue to Tom Green County. Following a hearing on the motion to transfer venue, the Midland County court sustained the City's motion and transferred the case to Tom Green County.

After a trial to the court, the district court rendered judgment that Vanco take nothing on its claims. The court filed findings of fact and conclusions of law. The court found that

> the contract provided for payment of the excavation and stockpiling based upon 'Complete and in place at the Unit Price of'; and that based upon the contract the per cubic yard measurement for the soil to be excavated and stockpiled should be measured based on the volume of the excavation as is measured by measuring the excavated site and not on the volume of the soil after removal from the ground.

Although Vanco timely requested that the court make four additional findings of fact and one additional conclusion of law, the court declined to do so.

**Discussion**

On appeal, Vanco complains about the transfer of the case to Tom Green County, the court's failure to file additional findings of fact and the court's interpretation of the portion of the parties' agreement relating to item three which addressed excavating and stockpiling soil.

3

*Venue*

Vanco contends that the Midland County court erroneously transferred the case to Tom Green County. After Vanco filed suit in Midland County, the City filed a motion to transfer venue to Tom Green County. The City contended that venue was proper in Tom Green County pursuant to the general venue provision because a substantial part of the events or omissions giving rise to Vanco's claim occurred in Tom Green County and the City maintained its principal office in the state in Tom Green County. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.001(b)(2), .002(a)(1)-(3) (West 1986 & Supp. 2001); Tex. R. Civ. P. 87(2). The City contended that there was no basis that would mandate or permit venue in Midland County. Following a hearing, the Midland County court sustained the City's motion and transferred the case to Tom Green County.

In determining whether a court properly transferred a case to another county, the appellate court reviews the entire record, including the trial on the merits, and determines whether probative evidence exists to show that venue was proper in the county where the judgment was rendered. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757-58 (Tex. 1993); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 359 (Tex. 1990); Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (West 1986).

Vanco contended that venue was proper in Midland County because the City breached its duty to pay Vanco in Midland County. In reviewing the entire record there is no evidence that the City was required to pay Vanco in Midland County. The City's principal place of business was located in Tom Green County; therefore, under the general provision venue was proper in Tom Green County. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(3) (West Supp. 2001). Because judgment was rendered in a county where venue was proper, we conclude that there was no error in the transfer of the case from Midland County to Tom Green County. Vanco's third issue is overruled.

4

### Failure to Make Additional Findings of Fact

Vanco also contends that the district court erred by failing to make additional findings of fact and a conclusion of law which caused Vanco to have to guess as to the court's reasoning. We disagree.

The four additional findings Vanco requested included the following:

1. The contract, the subject of this suit, was drafted by Defendant, City of San Angelo;

2. The phrase "Complete and in place," as used in the contract, the subject of this suit, means the quantity of soil before it was excavated or stockpiled;

3. The quantity of soil stockpiled was substantially equivalent to the amount measured at the disposal facility being approximately 8436 cubic yards of soil.

4. The Defendant did not make payments to Plaintiff based upon a stock piled quantity of 8436 cubic yards of soil.

Vanco also requested an additional conclusion of law that "The contract, the subject of this suit, is an unambiguous contract." The court did not make any of the requested findings or the requested conclusion.

A court is not required to make additional findings and conclusions that are not relevant to controlling issues in the case. *Rafferty v. Finstad*, 903 S.W.2d 374, 376 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Associated Tel. Directory Publishers v. Five D's Publishing Co.*, 849 S.W.2d 894, 901 (Tex. App.—Austin 1993, no writ); Tex. R. Civ. P. 298. Here, the district court determined the controlling issue in the findings of fact—based on the agreement, the quantity of soil at issue for item three is determined by measuring the site before excavation. We

hold that none of the requested findings addressed controlling issues that had not already been determined and explained in the filed findings of fact and conclusions of law. Vanco's first issue is overruled.

### *Method of Measurement*

Vanco contends that the court erred in ruling that the proper method to determine the quantity of soil at issue for item three of the parties' agreement was to measure the area of the excavation site rather than measure the volume of soil removed from the ground and delivered to the landfill. Vanco argues that in interpreting item three the court should have applied the same method used for determining how much soil was at issue in item six which addressed disposal of soil. The quantity of soil at issue in item six was determined by measuring the actual volume of soil deposited into the landfill as reflected on the landfill's manifests.

Because neither party contends that the agreement is ambiguous, construction of the agreement is a question of law for the court to determine. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968); *Phillips Natural Gas Co. v. Cardiff*, 823 S.W.2d 314, 317 (Tex. App.—Houston [1st Dist.] 1992, writ denied). In construing an agreement, the court gives effect to the objective intention of the parties as expressed or as apparent from the writing. *City of Pinehurst*, 432 S.W.2d at 518. It is assumed that the parties intended to give effect to every clause in the agreement and did not intend to render any clause meaningless. *Id.*

Item three contained one price for excavating and stockpiling an estimated 4900 cubic yards of soil. The City's expert, Jack Albert, testified that this estimate was determined by measuring the area of the excavation site—the area described in the agreement that was "within the excavation

6

limits to the grades and lines shown on the Plans." The agreement also provided that the area of excavation could be increased or decreased by the City. In fact after an additional area was determined to have contaminated soil, the City increased the area for item three by 784 cubic yards. Item three does not refer to any other measuring method nor are there other references in the agreement indicating a different measurement method for item three. Measuring the area to arrive at the initial 4900 cubic yards and the lack of any other measurement method for item three in the agreement indicates that payment for item three would be based on a measurement of the area to be excavated and stockpiled. The court's finding is supported by the evidence. Vanco's second issue is overruled.

## Conclusion

We affirm the district court's judgment.

 

 

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: September 13, 2001

Do Not Publish

7